UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEITH McBRIDE,                                :
           Petitioner,                    :
                                          :    **MEMORANDUM DECISION**
v.                                            :
                                          :    13 CV 4792 (VB)
ADA PEREZ, Superintendent,                    :
           Respondent.                    :
------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated June 25, 2015 (Doc. #10), on Keith McBride's pro se petition for a writ of habeas corpus. In 2010, petitioner pleaded guilty in Westchester County Court to three counts of second-degree burglary and was sentenced to thirteen years' imprisonment in accordance with his plea agreement. Petitioner contends his plea was constitutionally invalid because the trial court failed to ensure that he understood he would be subject to a five-year term of post-release supervision after serving his sentence. Judge Davison recommended denying the petition.

      For the following reasons, the petition is DENIED.

      Familiarity with the factual and procedural background of this case is presumed.

## STANDARD OF REVIEW

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

1

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner is entitled to habeas relief only if he can show that, in adjudicating his claim on the merits, the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

**DISCUSSION**

Petitioner timely objected to the R&R. (Doc. #12). His objections, however, merely rehash his original arguments. Accordingly, the Court reviews the R&R for clear error.

It is clearly established federal law that a guilty plea is void unless the defendant is "fully aware of the direct consequences" of the plea. Brady v. United States, 397 U.S. 742, 755 (1970); Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005). Judge Davison recommended denying the petition because "the Supreme Court has not established that the imposition of a term of

2

supervised release is a 'direct consequence' of which a defendant must be advised prior to his plea." (R&R at 19). Therefore, Judge Davison reasoned, the Appellate Division's denial of petitioner's claim could not have been contrary to, or an unreasonable application of, "clearly established federal law." (Id. at 19-20).

To be sure, Judge Davison was correct the Supreme Court has never explicitly held that post-release supervision is a direct consequence of a guilty plea.[1] But "[t]he fact that the Supreme Court has never expressly extended" a legal rule to a particular factual context "does not foreclose analysis" under Section 2254(d)(1)'s "unreasonable application" prong.[2] Grayton v. Ercole, 691 F.3d 165, 170 (2d Cir. 2012).

In Grayton, the petitioner argued his constitutional right to be present at all "material stages" of his trial was violated when he was excluded from a Geraci hearing.[3] 691 F.3d at 167. The Second Circuit declined to deny his petition simply because the Supreme Court "has never addressed if a Geraci hearing, or an equivalent, is such a stage." Id. at 170. Other circuits have similarly concluded the absence of a Supreme Court case directly on point is not an automatic

---

[1] That said, the Supreme Court has observed that what is now Rule 11(b) (formerly Rule 11(c)) of the Federal Rules of Criminal Procedure "details the information a district court must communicate to a defendant in order to ensure that a guilty plea is valid," Libretti v. United States, 516 U.S. 29, 49 (1995) (emphasis added), and Rule 11(b), like its predecessor, requires district courts to "inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H) (emphasis added).

[2] Habeas relief would, however, be unavailable under Section 2254(d)(1)'s "contrary to" prong, which controls only when a state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if [the state court] confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result." Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam).

[3] "Geraci hearings are held in New York state courts to determine whether a defendant has procured a witness's unavailability by misconduct and has thus forfeited his Confrontation Clause rights in regards to that witness." 691 F.3d at 167 (citing People v. Geraci, 85 N.Y.2d 359, 365-66 (1995)).

3

bar to habeas relief.  See Hooks v. Workman, 689 F.3d 1148, 1184 (10th Cir. 2012) (refusing to deny ineffective assistance of counsel claim arising out of Atkins hearing[4] on ground that "the Supreme Court has never said that defendants have a right to counsel in Atkins proceedings, nor has it ever identified such a proceeding as one of the 'critical stages' to which the right attaches"); Jamison v. Klem, 544 F.3d 266, 276-77 (3d Cir. 2008) (failure to advise defendant of mandatory minimum sentence was unreasonable application of clearly established federal law even though "no Supreme Court case expressly mandates that defendants be informed of mandatory minimum sentences before tendering a guilty plea").  Indeed, the Supreme Court recently emphasized AEDPA does not require "an identical factual pattern before a legal rule must be applied."  White v. Woodall, 134 S. Ct. 1697, 1706 (2014) (quotation marks omitted).

Thus, just as the lack of Supreme Court precedent holding that a Geraci hearing is a "material stage" of a trial, that an Atkins hearing is a "critical stage" of a criminal case, and that a mandatory minimum is a "direct consequence" of a guilty plea did not preclude habeas relief in Grayton, Hooks, and Jamison, respectively, the petition should not be denied here due to the absence of a Supreme Court determination that post-release supervision is a "direct consequence" of a plea.  The Court therefore does not adopt the R&R insofar as it recommends denying the petition for want of clearly established federal law.

The Court nevertheless agrees with Judge Davison that the petition must be denied.

A state court unreasonably applies clearly established federal law only if "no fairminded jurist could agree with the state court's" decision.  Davis v. Ayala, 135 S. Ct. 2187, 2203 (2015). This standard is "difficult to meet."  White v. Woodall, 134 S. Ct. at 1702 (internal quotation

---

[4]   An Atkins hearing aims to determine "whether a person was mentally retarded at the time of the crime and therefore ineligible for the death penalty."  United States v. Wilson, 920 F. Supp. 2d 287, 302 (E.D.N.Y. 2012); see generally Atkins v. Virginia, 536 U.S. 304 (2002).

4

marks omitted).  Indeed, it is not enough for the state court's decision to be "merely wrong; even clear error will not suffice."  Id. (internal quotation marks omitted).

Here, a fairminded jurist could conclude petitioner was fully aware he would be subject to five years' post-release supervision.  Post-release supervision was mentioned twice at petitioner's plea proceeding, during which he appears to have been active and alert.  Post-release supervision first came up when petitioner's counsel was discussing an earlier plea offer, and the trial court interjected to confirm the offer included "five years post-release supervision."  (Resp't Mem. Ex. 1 at 5).  Later, when the prosecutor was setting forth the details of the plea agreement actually reached by the parties, the trial court again verified "[i]t's five years post-release on each" count to which petitioner was pleading guilty, "to run concurrent."  (Id. at 11-12).  Petitioner also affirmed at the end of his allocution he understood "everything that's been said here today."  (Id. at 20).  Although the trial court could (and probably should) have questioned petitioner directly about post-release supervision, it cannot be said "beyond any possibility for fairminded disagreement" petitioner did not understand that consequence of his plea.  Davis v. Ayala, 135 S. Ct. at 2199 (internal quotation marks omitted).

Accordingly, petitioner has failed to show an unreasonable application of clearly established federal law so as to warrant granting his petition for a writ of habeas corpus.

## CONCLUSION

The Court adopts the R&R to the extent it recommends denying the petition, and the petition is accordingly DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d

5

192, 195 (2d Cir. 2005). In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  September 4, 2015
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge